Wexler v. Dorsey & Whitney LLP

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Shimshon Wexler,

> *Plaintiff-Appellant,*

> v.                                                                                  19-3632

Dorsey & Whitney LLP, Artin Betpera,

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**     SHIMSHON WEXLER, *pro se*, Atlanta, GA.

**FOR DEFENDANTS-APPELLEES:**     JONATHAN M. HERMAN (Krista Bolles, Helen Jiang *on the brief*), Dorsey & Whitney LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bulsara, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Shimshon Wexler, an attorney proceeding *pro se*, sued Dorsey & Whitney LLP ("Dorsey") and its former associate, Artin Betpera, for defamation under New York state law for Betpera's authorship and Dorsey's publication of a blog post. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.

In 2015, plaintiff Shimshon Wexler brought a Telephone Consumer Protection Act ("TCPA") class action in the Eastern District of New York against

2

AT&T, with his wife, Dr. Eve Wexler, as the proposed lead plaintiff. AT&T filed a letter seeking a conference on a contemplated motion to strike, writing that "unless and until Shimshon Wexler both withdraws as counsel and renounces any interest in any future award of attorney's fees in this case, Dr. Wexler is an inadequate class representative as a matter of law." J. App. at 49 (internal quotation marks omitted). In response, Wexler's co-counsel (who joined the case a month after filing) explained that Wexler would withdraw as counsel and would not be entitled to attorney's fees recovered in the case but that he may seek payment on quantum meruit grounds for the work done prior to his withdrawal. AT&T moved to strike the class allegations on the ground that Dr. Wexler was not an adequate representative of the class; the district court (Block, *J.*) granted the motion. In granting the motion, the district court explained that Dr. Wexler, as class representative, should act to maximize recovery to the class and that her interest in a fee award to her husband—who Judge Block noted "intend[ed] to seek fees for his work based on quantum meruit," J. App. at 52—gives an opposite incentive.

Dorsey is a law firm that defends companies sued for violations of the TCPA and has a consumer financial services blog. In 2018, Dorsey published a "Legal

Update" article written by Betpera both on the blog and on a website called JDsupra. The headline for the article stated "TCPA Class Certification Denial Exposes Major Spousal Scheme." The text of the article read:

> There are plenty of things I'd like to do with my wife one day. Take a trip to Greece. Finally convince her to go camping with me (never going to happen). But filing a class action with her as a class representative is definitely not one of them.
>
> That's exactly what one husband-and-wife duo tried to pull in the Eastern District of New York. Senior Judge Frederic Block made quick work of the scheme.
>
> In *Wexler v. AT&T Corp.*, No. 15 CV-0686 (FB) (PK), 2018 U.S. Dist. LEXIS 20157 (E.D.N.Y. Feb. 5, 2018), the Court granted AT&T's motion to strike class allegations based on the inadequacy of the class representative. The class representative was Dr. Eve Wexler, who was the wife of class counsel Shimshon Wexler. After AT&T alerted the Court to their relationship, Mr. Wexler quickly withdrew and was replaced by class counsel who had no relation to Plaintiff. However, Mr. Wexler made it clear that he still intended to pursue an award of feeds for his work on the case prior to withdrawal.
>
> Plaintiff argued that Mr. Wexler's withdrawal "mooted" the issue. Not so, said Judge Block. There's no disputing Plaintiff would have an interest in a potential fee award to her husband, had he been appointed class counsel. "Courts have long found that a familial (or any other) relationship creates a conflict if it gives the class representative an interest in the fees class counsel might recover." And that conflict didn't just vanish after Mr. Wexler withdrew, especially because he was still planning to seek an award of fees for his work prior to withdrawal.

4

The Court astutely observed that "[a]s class representative, Dr. Wexler should act to maximize [class] recovery and, by extension, minimize reductions to it. But her interest in the fee award supplies the opposite incentive." The Court emphasized that because the "very nature of a class creates conflicts of interest between the class, class counsel and the class representative," the requirements of Rule 23 must be "scrupulously enforced."

And enforced they were. The Court held that because Plaintiff had an interest in a possible fee award to her husband, "she cannot adequately represent the interests of absent class members," and granted AT&T's motion to strike. Maybe the Wexlers should try salsa dancing instead.

J. App. at 11-12.

Wexler thereafter sued Dorsey and Betpera contending that the headline and article were defamatory. The defendants moved to dismiss the complaint for failure to state a claim and for lack of personal jurisdiction over Betpera. Magistrate Judge Bulsara dismissed Wexler's complaint for failure to state a claim on the basis that the headline was non-actionable opinion and that Wexler had abandoned any claims that the text of the article constitutes defamation. Magistrate Judge Bulsara declined to reach the question of whether the court had personal jurisdiction over Betpera.

5

## II.

We have jurisdiction over this appeal as one taken from a final decision of a magistrate judge where the parties consented to a disposition by a magistrate judge. *See* 28 U.S.C. § 636(c)(1); 28 U.S.C. § 1291. By letter dated June 24, 2020, Betpera consented to personal jurisdiction in this case.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## III.

"Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication

to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). On appeal, Wexler argues that when the headline is viewed together with the article, it is obvious that it is "of and concerning" him, that the words "exposes" a "major spousal scheme" are reasonably susceptible to conveying a defamatory meaning, and that the headline is not protected as an opinion.

"Since falsity is a *sine qua non* of a libel claim and since only assertions of fact are capable of being proven false, we have consistently held that a libel action cannot be maintained unless it is premised on published assertions of *fact*." *Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995); *see also Mr. Chow of New York v. Ste. Jour Azur S.A.*, 759 F.2d 219, 225 (2d Cir. 1985). "[T]he determination of whether a statement is opinion or rhetorical hyperbole as opposed to a factual representation is a question of law for the court." *Mr. Chow*, 759 F.2d at 224. Distinguishing between opinion and fact requires a consideration of the following factors: "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement

7

appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact." *Richardson*, 87 N.Y.2d at 51 (internal quotation marks and alterations omitted); *see also Mr. Chow*, 759 F.2d at 226 (considering context in which statements are made, how the language is used (precise and literal, or loose or hyperbolic), and capability of a statement being proven true or false). The "context" factor includes not only "the immediate context in which the disputed words appear," but also "the nature of the particular forum." *Richardson*, 87 N.Y.2d at 51. Even if a statement is deemed to be opinion, there may be liability for defamation where there is "a clear but false implication that the author is privy to facts about the person that are unknown to the general reader." *Mr. Chow*, 759 F.2d at 225 (citation omitted).

We agree with the magistrate judge that the headline in this case constitutes opinion and is therefore not actionable. The tenor of the article reflects that it is meant to be not only informative but also amusing and entertaining, making hyperbole in the headline expected and reasonable. The article's placement on a law firm's blog also suggests that it is informed, at least in part, by the firm's and

its author's opinions. The context of the statement therefore cuts against a determination that it is an assertion of fact meant to be taken literally. The language "exposes major spousal scheme" also does not have a readily understood precise meaning of the nefarious sort that is advanced by Wexler – it could just as easily mean exactly what happened here, that the TCPA decision brought to light an ethically questionable arrangement by a married couple (here, to represent both the attorney's and the class's fiscal interests in a class action). The use of "major" does not change this analysis, as that is a relative term, the applicability of which is a matter of opinion. An average reader would not understand the headline to be "an attempt to convey with technical precision literal facts about" Wexler. *Mr. Chow*, 759 F.2d at 229. And because the statement does not have a readily understood precise meaning, it is not capable of being proved true or false. *See id.* (explaining that, because a reasonable reader would not take literally the language used, the statements read reasonably are not capable of being proved false). Nor do we think that a reasonable reader would think that the headline was based on facts other than those disclosed in the article, which accurately describes the ruling of the court. *Cf. Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997) (explaining that

9

statements of opinion "may yet be actionable if they imply that the speaker's opinion is based on the speaker's knowledge of facts that are not disclosed to the reader"). The headline is therefore properly read as non-actionable opinion rather than fact, and Wexler's defamation claim fails.

*     *     *

We have reviewed the remainder of Wexler's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

It is further **ORDERED** that within 14 days of the issuance of this order, Wexler show cause why sanctions should not be imposed for filing a frivolous appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court